IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                  Plaintiff,<br><br>    v.<br><br>AUTOZONE, INC.,<br><br>                  Defendant. | Civil Action No. 14-cv-5579<br><br>Jury Trial Demand |

**COMPLAINT**

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of race and to provide appropriate relief to Kevin Stuckey, an employee who was adversely affected by such practices. Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC"), alleges that Defendant, Autozone, Inc., violated Title VII when it involuntarily transferred Stuckey out of the retail store to which he was assigned because of his race, as part of an effort to limit, segregate, or classify store employees on the basis of race, in violation of 42 U.S.C § 2000e-2(a).

JURISDICTION AND VENUE

    1.    This action is authorized and instituted pursuant to 42 U.S.C. § 2000e-5(f)(1), § 2000e-5(f)(3), and § 1981a.

    2.    This court has jurisdiction of this action pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, 1345, 42 U.S.C. §§ 2000e-5(f)(3), and 42 U.S.C. § 1981a.

1

3. The employment practices alleged herein were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES AND OTHER PERSONS

4. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is authorized to bring this action by Title VII, 42 U.S.C. §2000e-5(f)(1).

5. At all relevant times, Defendant has continuously been a Nevada corporation doing business throughout the United States, including in Cook County in the State of Illinois.

6. At all relevant times, Defendant has continuously had at least 15 employees.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

8. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

9. Stuckey was hired by Defendant in January 2008 to work in one of its retail stores.

10. In 2010, Stuckey was promoted to the position of Parts Sales Manager at a newly-opened retail store located at South Kedzie Avenue and West 49th Street, in Chicago, Illinois ("Kedzie Store").

## STATEMENT OF CLAIMS

11. More than 30 days before institution of this suit Stuckey filed a charge with the EEOC alleging that Autozone violated Title VII.

12. On October 28, 2013, the EEOC determined that there was reasonable cause to believe that Autozone discriminated against Stuckey, in that he was involuntarily transferred because of his race.

13. The conciliation efforts required by law have occurred and were unsuccessful.

   (a) On October 28, 2013, the EEOC issued to Autozone a Letter of Determination inviting Autozone to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

   (b) On February 18, 2014, the EEOC issued to Autozone a Notice of Failure of Conciliation advising Autozone that despite its efforts the EEOC was unable to secure from Autozone a conciliation agreement acceptable to the Commission.

14. All conditions precedent to the institution of this suit have been fulfilled.

15. Since at least 2012, Defendant has engaged in unlawful employment practices in violation of 42 U.S.C. § 2000e-2(a). To wit:

   (a) In or about July 2012, Defendant involuntarily transferred Stuckey from the Kedzie Store, on the southwest side of Chicago, to a store located at South Michigan Avenue and East 103rd Street ("103rd Street Store"), on the far south side of Chicago.

   (b) Defendant involuntarily transferred Stuckey as part of an effort to eliminate or limit the number of black employees at the Kedzie Store.

   (c) Defendant undertook that effort because it believed that customers of the Kedzie Store preferred to be served by non-black, Hispanic employees.

   (d) Thus Stuckey was involuntarily transferred pursuant to an effort to limit, segregate, and/or classify the employees of the Kedzie Store in a way that would deprive or tend to deprive Stuckey and other black individuals of

employment opportunities because of their race, in violation of 42 U.S.C § 2000e-2(a)(2).

16. Stuckey objected to the involuntary transfer and was offended that he was being openly deprived of the opportunity to continue working at the Kedzie Store because of his race.

17. When Stuckey refused to accept the transfer to the 103rd Street Store, Defendant discharged him.

18. Each of the unlawful employment practices complained of above was intentional.

19. Each of the unlawful employment practices complained of above was done with malice or with reckless indifference to Stuckey's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for its employees regardless of race, and that eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make the Stuckey whole by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including rightful-place reinstatement;

D. Order Defendant to make Stuckey whole by providing compensation for past and

5

future pecuniary losses resulting from the unlawful employment practices complained of above, in amounts to be determined at trial.

E. Order Defendant to make Stuckey whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, humiliation, inconvenience, and mental anguish, in amounts to be determined at trial.

F. Order Defendant to pay Stuckey punitive damages for the malicious and reckless conduct complained of above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the EEOC its costs in this action.

<u>JURY TRIAL DEMAND</u>

The EEOC requests a jury trial on all questions of fact raised by its complaint.

Date: July 22, 2014                  Respectfully submitted,

P. DAVID. LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, D.C. 20507


JOHN C. HENDRICKSON
Regional Attorney

GREGORY M. GOCHANOUR
Supervisory Trial Attorney

 s/ Justin Mulaire
JUSTIN MULAIRE
Trial Attorney
Bar No. 4311031

U.S. Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
(312) 869-8045